PATTERSON, Judge,
specially concurring.
I concur because, notwithstanding the hazardous use of multiple juries, the defendants have failed to demonstrate any reversible error. The trial court invoked this procedure because a Bruton[1] problem existed among all three defendants. I write to dispel any notion that we embrace the use of dual or multiple juries. However, I recognize the needs of the trial courts in attempting to deal with overcrowded trial calendars. In this case, the use of three juries resulted in a considerable savings of time because of the number of charges and witnesses involved. Nonetheless, the procedure is inherently error prone and should be discouraged.[2]

. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

. Numerous other courts have expressed similar concerns. See, e.g., People v. Harris, 47 Cal.3d 1047, 255 Cal.Rptr. 352, 767 P.2d 619 (1989); State v. Beam, 109 Idaho 616, 710 P.2d 526 (1985), cert. denied, 476 U.S. 1153, 106 S.Ct. 2260, 90 L.Ed.2d 704 (1986); State v. Lambright, 138 Ariz. 63, 673 P.2d 1 (1983), cert. denied, 469 U.S. 892, 105 S.Ct. 267, 83 L.Ed.2d 203 (1984); State v. Corsi, 86 N.J. 172, 430 A.2d 210 (1981); Scarborough v. State, 50 Md.App. 276, 437 A.2d 672 (1981).